## PALMER et al. v. VAN DEUSEN.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

PLEADING—MOTION.

    The complaint in an action to enjoin obstruction of a right of way appurtenant to plaintiffs' land, showing that it came up to and bordered on plaintiffs' "Palmer one hundred acre lot," and that it was a convenient and necessary means of communication between and across the lands of plaintiffs in that town, and for that reason was a suitable

appurtenance to said lands, sufficiently describes the land to which the way is appurtenant, as against objection first raised at the trial; indefiniteness and uncertainty of a complaint not justifying its dismissal, but the remedy being, under Code Civ. Proc. § 546, by motion to make definite and certain.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1174.]

Appeal from Special Term, Saratoga County.

Action by Nicholas Palmer and another against George W. Van Deusen. From a judgment dismissing the complaint on a trial before the court, plaintiffs appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

James H. Bain, for appellants.

Edgar T. Brackett (William S. Ostrander, of counsel), for respondent.

JOHN M. KELLOGG, J. In this action to enjoin defendant from obstructing a right of way across his premises upon the trial the plaintiffs stated that they "did not claim any public right of way nor any personal right of way on behalf of the plaintiffs, but only for a right of way appurtenant to the plaintiffs' land." Thereupon the court held the complaint insufficient, for the reason that it did not describe the lands to which it was claimed the right of way was appurtenant. In all other respects the complaint is concededly sufficient.

The complaint showed that the right of way described came up to and bordered upon the plaintiffs' "Palmer one hundred acre lot," and that it was a convenient and necessary means of communication between and across the lands of the plaintiffs in said town, and for that reason was a suitable appurtenance to said lands. The naming of the plaintiffs' Palmer 100-acre lot, and their other lands in said town, is a sufficient description of the lands to which said way is appurtenant to enable the plaintiffs to maintain their action when the objection is raised for the first time upon the trial. The fact that a complaint is indefinite and uncertain does not justify its dismissal. The Code of Civil Procedure (section 546) has provided a remedy to cure such a defect.

The judgment should therefore be reversed and a new trial granted, with costs to the appellant to abide the event. All concur.